WILL CASE.

*Case* 9.

*December* 14.

# Denton, &c. *vs* Franklin, &c.

## APPEAL FROM THE HENDERSON CIRCUIT.

### *Wills.*

JUDGE SIMPSON delivered the opinion of the Court.

A PAPER purporting to be the last will and testament of Edmund Talbot, deceased, bearing date the 27th of February, 1845, was presented to the Henderson County Court for probate, and rejected. The case was taken before the Circuit Court, in the same county, and a trial being had, the judgment of the County Court was reversed, and the will sustained, and ordered to be recorded. From that decision an appeal to this Court has been taken.

Two questions are presented. First, the sufficiecy of the testimony as to the execution of the will. Secondly, the capacity of the testator, and whether any undue influence was exercised over his mind in procuring its execution.

DENTON, &c.
*vs*
FRANKLIN, &c.

The points involved.

1. The testator handed the paper in controversy, already signed, to one of the subscribing witnesses, as his will. Inquired of him how many witnesses were nenessary in making a will, and whom he would get to witness it. He was informed by the witness that his brother, and another young man were in an adjoining room, and that they would subscribe it as attesting witnesses. The testator and witness accordingly went into the adjoining room, and finding the two persons alluded to, they were informed by the witness first mentioned, of the desire of the testator that they should subscribe his will as witnesses, which they done, the testator being present, but remaining silent.

The will was not subscribed by the testator in the presence of either of the attesting witnesses. This was not necessary, according to the repeated decisions of this Court; its acknowledgment by the testator in the presence of the attesting witnesses being sufficient.

It is not necessary to the valid execution of a will that it be subscribed in the presence of the subscribing witnesses, its acknowledgement before them is sufficient.

It is contended, however, that no acknowledgment was made by the testator in the presence of the two last mentioned attesting witnesses. The object the testator had in view, in going to the room where they were, was to have the will witnessed by them. This object was announced to them by another person in his presence, and by his authority. Its effect, therefore, was the same as if the announcement had been made by himself. A request by a testator to witness a paper which he declares at the time to be his will, is substantially an acknowledgment of its execution by him. If the application in this instance to the witnesses to attest the instrument, had been made by the testator himself, no further acknowledgment by him of its execution would have been necessary; and as it was made in his presence, and virtually at his instance, it is essentially the same as if made by himself, and clearly entitled to the same effect. We are consequently of opinion that

DENTON, &c.
*vs*
FRANKLIN, &c.

The testator, an old man who was greatly enfeebled by disease, and who was under the influence of a colored woman whom he had emancipated, & seeming to yield implicitly to all her wishes, and to have no mind or will of his own—held to be incapable of making a will—especially, as by its provisions, all the dictates of natural affection seem to have been disregarded.

the testimony relating to the execution of the will, is sufficient, under our statutes upon this subject, and its due execution has been fully established. The decision in the case of *Griffith's Ex'r.* vs *Griffith*, (5 *B. Monroe*, 511,) was made on an entirely different state of facts, and does not conflict with this opinion.

2. The testator was old and feeble, both in mind and body. His intellect, as all the testimony concurs in favoring, was very considerably impaired by severe indisposition in 1841, and became gradually weaker and weaker until the time of his death.

Indeed, although during the few last years of his life, he had still some mind left, and was not entirely bereft of reason, yet he seems to have had no will of his own, but to have submitted implicitly to the dictation of a colored woman whom he had emancipated, and whose familiar intercourse with him, had brought him into complete and continued subjection to her influence.

The very fact, that he undisguisedly yielded to an influence of such a character, and lost, under its exercise, apparently all independence of thought and action, leads irresistibly to the conclusion, that his mental faculties had given way, before the combined operation of old age and disease; and that he no longer retained that degree of intellect and mental capacity, which would have enabled him to make a valid disposition of his estate by will.

This conclusion is fortified by a consideration of the provisions of the will itself. The gratification of the wishes of this colored woman, seems to be its leading object. The natural duty of providing for his own children, whose condition and circumstances in life, required the exercise of his bounty in their favor, was entirely forgotten or disregarded.

Admitting the question of capacity to be doubtful, looking alone to the direct evidence on this subject, yet when in connection with this evidence, the fact that the will is one, not consonant with the testator's natural affection, and was made but a short time before his death, at a time when he was under a degrading and disqualifying influence, is considered, it leaves but little

doubt that the testator was not equal to the important act of disposing of his property by will.

We have, therefore, come to the conclusion, that the writing in question is not the last will and testament of said Edmund Talbot, and should be rejected as such.

Wherefore, the judgment of the Circuit Court, reversing the judgment and the order of the County Court on the subject, and establishing said writing to be the last will and testament of said Talbot, and directing the County Court to admit it to probate and record it as such, is reversed, and cause remanded, that a judgment may be entered affirming the order of the County Court rejecting said writing as the last will and testament of said Edmund Talbot, deceased.

*Dixon and Harlan* for plaintiffs; *Morehead & Reed and S. Todd* for defendants.